IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, EASTERN DIVISION

In Re: )
Melissa D. Glover ) **Bankruptcy Case No.**
SSN: xxx-xx-0962 )
1219 Main St. East ) 21-80565-CRJ7
Lot 13 )
Hartselle, AL 35640 ) **Chapter 7**
 )
**Debtor.**

## APPLICATION FOR COMPENSATION AND EXPENSES COVERSHEET

1. Name of Applicants: Robert P. Bruner
   of Belt & Bruner, P.C.

2. Date of Application for Employment was filed: April 8, 2021

3. Date Order Authorizing Employment Entered: May 6, 2021

4. Professional Services Provided to: Judith Thompson, Trustee

5. Period for Which Compensation is Sought: April 6, 2021 to November 3, 2021

6. Amount of Fees Sought: $240,870.86 (33%)

7. Amount of Expenses Sought: $1,362.68

8. This is a Final Application.

1

Dated this the 3rd day of November, 2021.

/s/ Robert P. Bruner
Robert P. Bruner
Attorney for Judith Thompson, Trustee
Belt & Bruner, P.C.
880 Montclair Road, Ste 300
Birmingham, AL 35213
Robertb@beltlawfirm.com

2

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| **Melissa D. Glover** | ) | **Bankruptcy Case No.** |
| SSN: xxx-xx-0962 | ) | |
| 1219 Main St. East | ) | 21-80565-CRJ7 |
| Lot 13 | ) | |
| Hartselle, AL 35640 | ) | **Chapter 7** |
| | ) | |
| **Debtor.** | | |

## APPLICATION FOR FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES BY SPECIAL ATTORNEY FOR TRUSTEE

Comes now Robert P. Bruner of Bruner & Belt, P.C., (Applicant), as Special Attorney for the Trustee, Judith Thompson, in the above-styled bankruptcy case, and as Applicant and in support of his Application for Compensation and Reimbursement of Expenses, states the following:

1. The Debtor Melissa D. Glover filed a Voluntary Petition for Relief with this Court under Chapter 7 of Title 11 of the United States Code on March 30, 2021.

2. Judith Thompson is the duly appointed Trustee of the above-styled case.

3. This Application is brought pursuant to Title 11 of the United States Code Sections 330, 331 and 503 and Rules 2016 and 2002 of the Federal Rules of Bankruptcy Procedure.

4. Prior to the filing of the Bankruptcy case, the Debtor, Melissa D. Glover, was involved in an automobile accident. Suit was brought against Ms. Glover by the driver of the other vehicle, Steven W. Hargrove.

5. Ms. Glover was insured by Lyndon Southern Insurance Company ("Lyndon Southern").

6. The trial against Ms. Glover resulted in a Judgment in the amount of $400,000.00, which exceeded her Lyndon Southern policy limits of $25,000.00.

7. The Trustee, through her Special Counsel, Robert P. Bruner, filed a civil action in the Northern District of Alabama, Northeastern Division, having case number 21-CV-672-AKK. The Trustee alleged causes of action for Negligent/Wanton Failure to Investigate and Settle (Count I) and Bad Faith Failure to Investigate and Settle (Count II) against Defendant Lyndon Southern Insurance Co. These claims arose out of the pre-petition excess verdict referenced in paragraph 5 above.

7. Lyndon Southern denied any wrongdoing.

8. The compromise set forth below was arrived at after extensive settlement discussions between counsel for the Trustee and Lyndon Southern.

9. Based on the allegations, projected continued cost of litigation, the likelihood of one party or the other to prevail at the Trial of this case, and the professional judgment of counsel for the Trustee and Lyndon Southern (each of whom have extensive experience within the specialized field of Negligent/Bad Faith Failure to Settle litigation and have litigated against each other in such cases previously) and the inherent risk involved in any litigation, the parties have agreed to the following compromise:

    A. This agreement is subject to United States Bankruptcy Court approval.

    B. Lyndon Southern shall pay to the Bankruptcy Estate of Melissa D. Glover through the Trustee $723,975.26.

    C. Thompson vs Lyndon Southern pending in the United States District Court for the Northern Division of Alabama, Northeastern Division and having case number 21-CV-672-AKK shall be dismissed with prejudice in consideration of the payment set forth above.

    D. The Trustee shall execute a general release (release shall not include indemnification clauses or the like) releasing Lyndon Southern.

10. The Trustee believes this compromise to be in the best interest of the Debtor.

11. The Applicant has served as counsel to the Trustee pursuant to this Court's Order entered May 6, 2021, approving the employment of Applicant.

12. The Applicant seeks allowance of compensation for professional services rendered and for reimbursement of actual and necessary costs and expenses incurred by Applicant in the course of his employment.

13. Applicant was employed on a contingency fee basis of the amount collected by the Trustee, Judith Thompson, subject to this Court's approval.

14. All services of the Applicant for which compensation is requested were performed for and on behalf of the Trustee.

15. The Applicant has not received any payments or promises for payment from any source in connection with this case, except as a promise by the Trustee to pay Applicant's contingency fee from the Bankruptcy and to reimburse for expenses incurred, subject to this Court's approval upon application submitted by Applicant.

16. The Applicant has not shared or entered into any agreement for sharing compensation received by the Applicant for services performed in these proceedings from any person or entity.

17. This application is submitted pursuant to the standard set forth in the following cases: Grant v. George Schumann Tire & Battery Co., 908 F.2d 874 (11th Cir. 1990); Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1291 (11th Cir. 1988); Matter of U.S. Golf Corp., 639 F.2d 1197 (5th Cir. 1981); Matter of First Colonial Corp. of America, 544 F.2d 1291 (5th Cir. 1977); Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).

18. In determining the allowance of attorney's fees and reimbursement of expenses under the Bankruptcy Code and the above cited decisions, the Court must consider the following:

    (a) The nature and extent of the services rendered:

    (b) Value of Services: The Bankruptcy of Melissa D. Glover realized $723,975.26 based on the efforts of the Applicant.

An objective estimate of the value of the services of Applicant is determined

by the fees other attorneys normally charge for this type of work. Applicant's contingency fee rate is neither more nor less than the rate received by attorneys with comparable skill and experience in both bankruptcy and non-bankruptcy matters.

    (c)    <u>Johnson Factors</u>

A determination of the reasonableness of the rate and hours submitted involves consideration of the twelve (12) factors outlined in <u>Johnston v. Georgia Highway Express, Inc.</u>, supra.

    i.    <u>Time and Labor Required:</u> The Applicant's time records were almost all made contemporaneously with the rendition of the services. The Applicant represents that the time expended is commensurate with the size and complexity of the case. The Applicant represents that the time charges that are the subject of this Application are reasonable and necessary given the demands of this case.

Applicant expended time and resources on this file, including the preparation for and performance of the following tasks:
- Extensive research and investigation through the case, including performing detailed analysis, investigation and research into the underlying lawsuit, including detailed review of material pleadings, motions, discovery, and other filings in the underlying lawsuit.
- Drafting and filing the complaint.
- Preparing settlement demand package.
- Preparing for and attending in-person settlement conference with representatives for the defendant.
- Preparing extensive discovery requests.
- Dealing with the settlement, release, and bankruptcy issues attendant final resolution of the claim.
- Communicating throughout the case with the trustee.

The Applicant respectfully submits that one of the reasons the parties were able to reach a compromise relatively early on in this case is because of the extensive time, efforts, and expense the Applicant has invested in prior negligent/bad-faith failure to settle cases, many of which have led to significant and favorable results for past clients, though not all. These cases include: <u>Alabama Mutual Insurance Company v. Reginald D. Thomas</u>, et al., CV 2017-905173 (Jefferson County Circuit Court); <u>Timothy J. Thomas v.</u>

6

Auto-Owners Insurance Company and Owners Insurance Company, 1:16-cv-00542 (United States District Court for the Middle District of Alabama); Sterlin Johnson v. Safeway Insurance Company, CV-2012-902190 (Jefferson County Circuit Court); Rocco Leo v. Alfa, 1:13-cv-01826-VEH (United States District Court, Northern Division); Andre Toffel v. Nationwide Insurance Company, 2:15-mc-01669-KOB (United States District Court, Northern Division), and Sabbah Brothers v. Nationwide Insurance Company, 2:15-cv-01772-WMA (United States District Court, Northern Division). The fact that the Applicant and counsel for Lyndon Southern have previously litigated against one another in a negligent/bad-faith failure to settle case, which spanned multiple years and involved significant expenses, also aided in the parties reaching a compromise.

    ii.    The Novelty And Difficulty Of The Questions Presented By The Case: Claims for negligent/bad-faith failure to investigate and settle is a specialized area of the law, with which Robert P. Bruner and his firm have extensive experience. In fact, the Applicant and his firm are believed to have been the first attorneys hired by a bankruptcy trustee in the State of Alabama in a previous matter which involved similar claims for negligent/bad-faith failure to investigate and settle, and which was litigated in the Northern District.

    iii.    Skill Requisite To Perform The Services Properly: The entirety of the work performed for the Trustee in this matter to date as reflected in this Application has been performed by Robert P. Bruner, who has been an attorney for more than 17 years.

    iv.    The Preclusion of Other Employment By Acceptance Of This Employment: The representation by Applicant of the Trustee in this matter has not precluded the Applicants from performing other work requirements.

    v.    Customary Fees For Work In The Community: The fees charged for services rendered by the Applicant are customary and usual in the legal community where the Applicant practices and where this case was commenced. The contingency fee rate is customarily charged to other clients for similar legal services during the period of time involved.

    vi.    Contingent Nature Of Fees: As in all bankruptcy cases, fees for professional persons employed are subject to Court approval and the

Case 21-80565-CRJ7    Doc 29    Filed 11/04/21    Entered 11/04/21 13:30:20    Desc Main
Document    Page 7 of 10

availability of funds in the Debtor's estate and are in that sense contingent. However, further on this case the Applicant's fees were totally contingent.

    vii.   <u>Time Limitation Imposed By The Client Or The Circumstances:</u> There have not been any undue time restraints or limitations imposed by the Client or the circumstances upon the Applicant with respect to work performed by Applicant in this matter.

    viii.   <u>Amount Involved And Results Obtained:</u>  The result of the efforts of the Applicant to the estate $723,975.26.

    ix.   <u>Experience, Reputation, And Ability Of Attorney:</u>  Your Applicant has been a practicing attorney in Alabama for more than 17 years, a substantial portion of such time has been spent performing work in state court and related matters such as was the subject of this lawsuit. The Applicant is a member of the Bars of the United States District Court for the Northern District of Alabama and is licensed to appear in all the Courts in the State of Alabama. As noted above, the Applicant and his firm are believed to have been the first attorneys hired by a bankruptcy trustee in the State of Alabama in a previous matter which involved similar claims for negligent/bad-faith failure to investigate and settle, and which was litigated in the Northern District.

    x.   <u>The Nature And Length Of The Professional Relationship Of The Client:</u>  The Applicant has not represented the Trustee in matters prior to the initiation of this Chapter 7 case.

    xi.   <u>The Undesirability Of This Case:</u>  Applicant does not consider this case to be "undesirable" except to the extent that it precludes the Applicant from other employment given the fact the fees are contingent and then further require Court approval.

    xii.   <u>Awards in Similar Cases:</u>  Applicant has devoted a significant but reasonable amount of time thus far in the work which he was hired to perform and, therefore, avers the contingency fee rate for Applicant's compensation as well as reimbursement of his actual expenses incurred, is a fair and reasonable award of compensation and expenses, and is in the range of awards in similar proceedings.

WHEREFORE, PREMISES CONSIDERED, Applicant requests this Court to enter an Order approving this Application for Compensation and Reimbursement of Expenses by Robert P. Bruner of Bruner & Belt, P.C., Special Attorney for the Trustee, as follows:

1. Award Applicant, Robert P. Bruner of Belt & Bruner, P.C. $240,870.86 as compensation for professional services rendered in this case for services.

2. Award Applicant Robert P. Bruner of Belt & Bruner, P.C. $1,362.68 for reimbursement of out-of-pocket expenses. (See Attached Exhibit A of Itemized Expenses)

3. Authorize the Trustee to immediately pay to Applicant the grand total of $242,233.54 representing reasonable compensation and reimbursement of expenses.

Applicant requests such further, other and additional relief as this Court deems just and proper.

## VERIFIED STATEMENT

I have read the above and foregoing Application. As required by Federal Bankruptcy Rule of Procedure 2014(a), and in accordance with Federal Bankruptcy Rule or Procedure 9011(b) and Title 28 United States Code Section 1746, I declare under penalty of perjury that the statements there made with reference to me and my professional associates are true and correct.

/s/ Robert P. Bruner
Robert P. Bruner
Attorney for Judith Thompson, Trustee
Belt & Bruner, P.C.
880 Montclair Road, Ste 300
Birmingham, AL 35213
Robertb@beltlawfirm.com

Witness:

Jammie Webster

9

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of November, 2021, I have served a copy of the foregoing on the parties listed below by electronic service through the Court's CM/ECF system and/or email.

Judith Thompson, Trustee, via CM/ECF electronic service

John Zingarelli, Attorney for Debtor, via CM/ECF electronic service

Richard M. Blythe, U. S. Bankruptcy Administrator, via CM/ECF electronic service

/s/ Robert P. Bruner
Robert P. Bruner

## TRUSTEE'S CERTIFICATE OF SERVICE

This is to certify that a copy of the forgoing Application for Compensation & Expenses have been served on all parties listed on the Court's Matrix by United States Post Office, properly address and with proper address this 4th day of November, 2021.

/s/ Judith Thompson